352 S.E.2d 739

Linda J. CONWAY

v.

**HAMPSHIRE COUNTY BOARD OF EDUCATION.**

No. 16540.

Supreme Court of Appeals of West Virginia.

Dec. 19, 1986.

Rehearing Denied Feb. 17, 1987.

Robert M. Bastress, Barbara J. Fleischauer, Morgantown, Mark D. Moreland, Romney, for appellant.

Herbert G. Underwood, Susan Brewer, Steptoe & Johnson, Clarksburg, Donald H. Cookman, Romney, for appellee.

PER CURIAM:

This case involves the resignation of a kindergarten teacher in Hampshire County. Appellant, Linda Conway, alleges that she submitted her resignation to the board of education under duress. She brought suit against the board and a jury returned a verdict for the defendant board of education. On appeal she claims that the jury was not properly instructed with regard to the law of duress.

Ms. Conway worked at two different elementary schools in Hampshire County from 1972 when she was hired to March 16, 1983, when she resigned. Her problems with the school board began in 1980 when parents began complaining to the board about the appellant's performance in the classroom. The complaints involved her absenteeism and tardiness; she was often tired; the children were having trouble relating to her as their teacher; and her dress was not appropriate for school. Apparently, some people in the community objected to the appellant's appearance as being too masculine. Also, during this time rumors were circulating that the ap-

pellant was involved in a homosexual relationship with another teacher.

Between 1980 and 1982 the board attempted to transfer her to a different school in the county on three separate occasions. The appellant obtained a representative from the West Virginia Education Association [WVEA], Mr. Cribbs, and her name was eventually removed from each transfer list. In January 1981 the board asked the appellant to appear and explain her personal situation involving the other female teacher. She did, and assured the board that she was not involved in any inappropriate behavior. Citizens continued to protest and in September 1982 the appellant was given an improvement period which included a plan that called for the appellant to change her style of dress to something more feminine—something that the kindergarten students would "be comfortable with", both physically and psychologically.

Around March 1, 1983, the appellant and Mr. Cribbs met with the superintendent and complained that the appellant was being monitored too frequently. On March 9, 1983, the school board held a meeting at which approximately 400 people appeared to protest the appellant's continued presence in the classroom. The board postponed action on the matter until the following week. The public outcry at this time arose because of an Attorney General's opinion that a school board could use public reputation in the community to establish a teacher's homosexuality and that the board could dismiss a reputed homosexual teacher for immorality.

On March 16, 1983, prior to the board meeting, the appellant signed an agreement in which she agreed to resign her teaching position if the board would acquiesce in seven separate conditions. The agreement was revised at the instance of the superintendent and ultimately signed by both parties.

Pursuant to the agreement, the appellant worked in the office of the Board of Education for approximately three months until the end of the school year. She subsequently informed the superintendent that she intended to nullify her resignation. On November 15, 1983, she brought suit against the board asking for reinstatement and back pay alleging that she had signed the resignation under duress. A jury trial was held and the jury returned a verdict for the defendant board of education. On appeal the appellant contends that the jury was improperly instructed; that the court erred in refusing individual voir dire of the jury; and that the jury verdict was incorrect.

In the sole syllabus point of *Napier v. Plymale,* 167 W.Va. 372, 280 S.E.2d 122 (1981), we held:

> Where it appears to the Court upon mature consideration that an appeal presents no substantial issues of fact or law which can be considered fairly raised and where the trial court arrived at a correct result, the appeal will be dismissed as improvidently awarded and the judgment of the circuit court will be summarily affirmed.

After reviewing the record, including the instructions, in the case before us we cannot conclude that the jury verdict was contrary to the evidence nor that the trial court erred in instructing the jury.

Accordingly, the appeal will be dismissed as improvidently awarded and the judgment of the circuit court will be affirmed.

Affirmed.